UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NO: 17-11034-399 |
| | ) | CHAPTER 13 |
| ALEXANDRA KELLEY | ) | Original Confirmation: 2/5/2018 |
| DEBTOR | ) | Hearing time: 1:30 PM |
| | ) | Courtroom: Cape Girardeau, MO |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

Comes now Diana S. Daugherty, Standing Chapter 13 Trustee, and states as follows:

1. Box 1.3 of the plan is not checked.

2. Plan paragraph 3.5(B) does not provide a repay period.

3. Based upon the schedules as filed, expenses exceed income such that Debtor is not able to make plan payments to the Trustee. 11 U.S.C. §1325(a)(6)  If Debtor does make plan payments, schedules I and J must be significantly incorrect and should be amended.

4. Debtor lacks sufficient income to fund the plan.

a) Debtor is not employed and personally does not have any income.

b) Debtor testified that she sells livestock annually. When asked why ownership of livestock and income from such sale were not disclosed in her bankruptcy schedules, Debtor testified that the sales are in her minor daughter's name, who receives the proceeds.

c) The sale of livestock was reflected on Debtor's 2016

income tax return, but in the name of Debtor's non-filing spouse.

d) The schedules do not disclose ownership of livestock or income from livestock sales.

5. The plan is not proposed in good faith. 11 U.S.C. §1325(a)(3).

a) Debtor's non-filing spouse filed a previous Chapter 13 case (#16-10552) with the same law firm.

(i) In that case, the Trustee discovered that the non-filing spouse had received a significant sum of money from an inheritance and a personal injury suit.

(ii) The Chapter 13 plan for the non-filing spouse required the turnover of funds sufficient to pay all filed and allowed claims in full in a lump sum payment on or before January 29, 2017.

(iii) On March 9, 2017, the Trustee filed a motion to compel the non-filing spouse to either turn over the proceeds from the inheritance and personal injury settlement or to convert the bankruptcy case to Chapter 7.

(iv) The non-filing spouse's case was converted to a Chapter 7 on April 12, 2017.

(v) <u>Seven days</u> after the case was converted, a deed transferring ownership of RR 2 Box 4805 (Debtor's residence) from the non-filing spouse to the Debtor and another person (Debtor's minor daughter) was recorded, according to the Carter County

Recorder of Deeds.

       (vi)   The non-filing spouse has an active Chapter 7 case.

b)   Debtor does not disclose any priority or general unsecured debts in her bankruptcy schedules.

c)   Debtor does not know if she is a borrower on the loan secured by the property that was transferred to her.

d)   Debtor's plan should acknowledge that the real estate is subject to the Chapter 7 Trustee's right to sell the property.

**WHEREFORE** the Trustee prays the Court enter its order denying confirmation of the proposed plan.

/s/ Jennifer M. Pontus
Jennifer M. Pontus
MO#65660; FED#65660MO
Attorney for Trustee
P.O. Box 430908
St. Louis, MO 63143
(314) 781-8100
(314) 781-8881 fax
trust33@ch13stl.com

**CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document was filed electronically on February 26, 2018, with the United States Bankruptcy Court, and has been served on the parties in interest via e-mail by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

    I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to those parties listed ion the Court's Manual Notice List and listed below on February 26, 2018.

Alexandra Kelley
RR 2 Box 4805
Ellsinore, MO 63937

                                                <u>/s/ Jennifer M. Pontus</u>